Chauntel Bland, Esq.
463 Regency Park Drive
Columbia, SC 29210
(T) (803) 319-6262
(E) chauntel.bland@yahoo.com

ATTORNEY FOR PLAINTIFF
Khadijah White

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| KHADIJAH WHITE, | ) ) | Case No.: |
| Plaintiff, | ) ) | CIVIL COMPLAINT |
| v. | ) ) | AND |
| MEDICREDIT, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Khadijah White, on behalf of herself (hereinafter "White" or "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant Medicredit, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. §227 *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Khadijah White, is a natural person, who at all relevant times has resided in the city of Spartanburg, Spartanburg County, State of South Carolina.

5. Defendant, Medicredit, Inc., is incorporated and doing business in the State of South Carolina, with its corporate mailing address as 3 City Place Drive, Suite 690, St. Louis, MO 63141.

6. Defendant uses the mails in a business the principal purpose of which is the collection of debt.

## FACTUAL STATEMENT

7. On or around August 2, 2016, in an attempt to collect an alleged consumer debt for which Defendant has been assigned to collect, Defendant began placing automated telephone calls to Plaintiff's cellular phone number (864) xxx-6473.

8. On or around August 9, 2016, Plaintiff advised Defendant that she was being contacted by them in error and requested to no longer receive calls.

9. Defendant's representative advised Plaintiff that her phone number would be removed so that the phone calls would cease.

10. Defendant stopped contacting Plaintiff for approximately two months, but then began automated telephone calls to Plaintiff's cellular phone number once again.

11. Defendant made automated telephone calls to Plaintiff on the following dates and times:

   a. 10/14/2016 03:38 PM;
   b. 10/21/2016 08:53 AM;
   c. 10/27/2016 11:57 AM;
   d. 11/01/2016 07:38 PM;
   e. 11/23/2016 09:08 AM;
   f. 11/30/2016 11:01 AM.

12. The telephone calls were made from the phone number (888) 213-9688.

13. The phone number (888) 213-9688 belongs to Defendant.

14. As Plaintiff had revoked any consent to call her that may have existed as of August 9, 2016, Defendant's continued telephone calls to Plaintiff using an automated telephone dialing system were made without her consent.

15. Defendant's representative representation that the phone calls to Plaintiff would stop was false and misleading.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et seq.

16. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 14 above and incorporates them with the same force and effect as if set forth specifically herein.

17. Plaintiff received six automated telephone calls from Defendant after she revoked any consent to call her that may have existed on August 9, 2016.

18. Defendant's actions are in violation of 47 U.S.C § 227(b)(1)(A), which prohibits using automated telephone equipment to make a call to any cellular telephone without "prior express consent" of the called party.

19. Defendant's actions have damaged Plaintiff, to which she is entitled relief.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692(e)

20. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 18 above and incorporates them with the same force and effect as if set forth specifically herein.

21. Defendant's representative informed Plaintiff that her phone number would be removed and she would no longer receive calls.

22.    Defendant continued to call Plaintiff contrary to the representation of Defendant's representative.

23.    Defendant's actions are in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) which prohibit the use of false representations and deceptive means to collect or attempt to collect a debt.

## JURY TRIAL DEMAND

24.    Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

**WHEREFORE**, Plaintiff, Khadijah White, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

a.    That an Order be entered declaring Defendant's actions, as described above, in violation of the TCPA;

b.    That judgment be entered against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii);

c.    That judgment be entered against Defendant for statutory damages for each violation of 47 U.S.C. § 227b(1)(A)(iii) or treble damages of the Court deems the violations willful;

d.    That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

e.    That judgment be against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

f.    That judgment be entered against the Defendant for statutory damages of $1,000 for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2);

4

g.      That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

h.      Grant such other and further relief as may be just and proper.

Dated this 14th day of June, 2017

                                            Respectfully Submitted,

                                            _s/ Chauntel Bland Esq._____
Attorney for Plaintiff:
Chauntel Bland, Esq
463 Regency Park Drive
Columbia, SC 29210
(T) (803) 319-6262
(E) chauntel.bland@yahoo.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
(T) (201) 461-0059